## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**TAMMIE P. LIASON, as proposed
personal representative of the estate of
Voncell Devince Liason, deceased,**

      **Plaintiff,**

**v.**                            **Case No.  8:13-cv-1115-T-30TGW**

**LORILLARD TOBACCO COMPANY,
et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 8).

Plaintiff has failed to respond in the applicable time as permitted under the Local Rules.  The

Court, having reviewed the motion and being otherwise advised in the premises, concludes

the motion to dismiss should be granted.

## BACKGROUND

Plaintiff Tammie Liason, as the personal representative of the estate of Voncell

Liason,[1] attempts to assert claims for strict liability, fraud, conspiracy to commit fraud, and

negligence against Defendants based on their manufacture and distribution of tobacco

---

[1]The complaint lists Tammie Liason as the proposed personal representative. If Plaintiff files an amended complaint, she should allege that she is the actual personal representative in order to have standing to assert claims on the estate's behalf.

products.  Plaintiff alleges in her complaint that, "[a]lthough Voncell Liason was not an *Engle* class member, Plaintiff is entitled, based on the doctrine of stare decisis, to the benefit of the Phase I findings and asserts and alleges those findings as conclusively established herein."[2]  Dkt. 2.  Plaintiff relies upon the legal conclusions of the *Engle* Phase I findings throughout her complaint instead of asserting factual allegations to support her claims.

Defendants move to dismiss based on Rule 8(a)(2) of the Federal Rules of Civil Procedure because Plaintiff fails to allege individualized facts to support her claims.  Specifically, Defendants argue that Plaintiff's claim that res judicata principles[3] allow her to rest on the legal conclusions of the *Engle* case do not apply to her action because the decedent was not a party to the prior action or in privity with a party to the *Engle* litigation.  The Court agrees.

<u>**MOTION TO DISMISS STANDARD OF REVIEW**</u>

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On the contrary, legal conclusions "must be supported by factual

---

[2]Plaintiff references the Florida Supreme Court case, *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).

[3]Plaintiff refers to the "doctrine of stare decisis."  The Court interprets this phrase to refer to either res judicata or collateral estoppel principles based on her assertion that the Phase I findings are "conclusively established" in this action.

allegations." *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

"Collateral estoppel and res judicata are judicial doctrines which in general terms prevent the same parties from relitigating issues decided in a previous action." *See Essenson v. Polo Club Assocs.*, 688 So. 2d 981, 983 (Fla. 2d DCA 1997).  "In order for res judicata or collateral estoppel . . . to apply, Florida requires 'mutuality' and 'identity of parties.'" *Massey v. David*, 831 So. 2d 226, 232 (Fla. 1st DCA 2002).  Moreover, in *Engle v. Liggett Group, Inc.*, the Florida Supreme Court restricted its findings: "[i]ndividual plaintiffs within the class will be permitted to proceed individually with the findings set forth above given res judicata effect in any subsequent trial between individual class members and the defendants, provided such action is filed within one year of the mandate in this case." 945 So. 2d 1246, 1277 (Fla. 2006).

Even if the Florida Supreme Court had not limited the findings to individual members of the class action suit, the doctrines of res judicata and collateral estoppel clearly would not apply to the instant action because Plaintiff admits that decedent was not a party to the *Engle* action and thus cannot satisfy the requirement of identity of parties.  Accordingly, Defendants motion to dismiss is granted.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion to Dismiss (Dkt. 8) is GRANTED.

2.     Plaintiff may file an amended complaint within fourteen (14) days of the date of this Order if she can state individualized, specific factual allegations.

3.     If Plaintiff fails to file an amended complaint within fourteen (14) days of the date of this Order, the Court will direct the Clerk to close this case without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2013\13-cv-1115.mtdismiss.frm