## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TAMMIE P. LIASON,

      Plaintiff,

v.                                   Case No: 8:13-cv-1115-T-30TGW

LORILLARD TOBACCO COMPANY,
LORILLARD, INC., ALTRIA GROUP,
INC., PHILIP MORRIS, U.S.A., INC. and
JOHN DOE CORPORATION,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Prejudice and Incorporated Memorandum of Law (Dkt. #23), Plaintiff's Response to Motion and Motion to Amend and to Serve Second Amended Complaint (Dkt. #30), Part II of Plaintiff's Response and Memorandum of Law and Fact in Response to Motion to Dismiss with Prejudice (Dkt. # 31), and Defendants' Reply Memorandum in further Support of their Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, and Opposition to Plaintiff's Motion to Amend and Serve Second Amended Complaint (Dkt. #32). Upon review and consideration, it is the Court's conclusion that the Plaintiff's Motion to file a Second Amended Complaint should be granted, and Defendants' Motion to Dismiss should therefore be denied as moot.

*Background*

Plaintiff Tammie Liason, as the personal representative of the estate of Voncell Liason, attempts to assert claims for strict liability, fraud, conspiracy to commit fraud, and negligence against Defendants based on their manufacture and distribution of tobacco products.  Plaintiff alleged in her original complaint that, "[a]lthough Voncell Liason was not an *Engle* class member, Plaintiff is entitled, based on the doctrine of stare decisis, to the benefit of the Phase I findings and asserts and alleges those findings as conclusively established herein."  Plaintiff relied upon the legal conclusions of the Florida Supreme Court case, *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006) ("*Engle* Phase 1") throughout her original complaint instead of asserting factual allegations to support her claims.

Defendants moved to dismiss the original complaint based on Rule 8(a)(2) of the Federal Rules of Civil Procedure because Plaintiff failed to allege individualized facts to support her claims.  The Court dismissed the original complaint without prejudice to the Plaintiff to file an amended complaint. The Plaintiff's Amended Complaint contained the same counts, but included additional factual allegations to support her claims. Defendants filed a second Motion to Dismiss arguing that the Plaintiff failed to plead individualized specific allegations and continues to rely on *Engle* Phase I jury findings, and otherwise fails to state a cause of action for each count. Plaintiff responded with a memorandum of law in opposition and a motion to file a second amended complaint which purports to address the issues the Defendants raise in their Motion to Dismiss.  Further, the proposed

Second Amended Complaint drops two of the parties: Altria Group, Inc. and John Doe Corporation.

## *Discussion*

Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 15(a).  The court may grant leave for the plaintiff to amend his complaint "[w]here a more carefully drafted complaint might state a claim." *Ray v. Equifax Info. Services, LLC*, 327 Fed. Appx. 819, 822 (11th Cir. 2009).  A district court need not allow an amendment, however, where (1) there has been undue delay or bad faith; (2) allowing an amendment would cause undue prejudice to the opposing party; or (3) an amendment would be futile. *Id*.; see *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am*., 367 F.3d 1255, 1263 (11th Cir. 2004)).

The Defendants argue that the amendment would be futile because the proposed Second Amended Complaint is "defective, introduces additional confusion and error" and will be subject to another Motion to Dismiss. Further, they argue that the entire complaint is preempted or barred by the Federal Cigarette Labeling and Advertising Act, (the "Act") 15 U.S.C. §§ 1331, *et. seq.* as amended and the First Amendment of the United States Constitution. The Act was amended by the Public Health Cigarette Smoking Act of

1969 to specify: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are [lawfully] labeled." *Id.* at § 1334(b). The amendment preempts claims based on failure to warn, fraudulent concealment, and neutralization of federally mandated warnings to the extent that those claims rely on omissions or inclusions in a manufacturers' advertising or promotion. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 518 (1992) (plurality decision); *see also Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 171 (5th Cir. 1996). But the amended act does not preempt claims based on express warranty, intentional fraud and misrepresentation or conspiracy. *See Cipollone*; 505 U.S. at 518.

The proposed Second Amended Complaint does not rely exclusively on theories that are pre-empted by the Act; it raises claims involving strict liability, negligence, and misrepresentation. These claims raise sufficient allegations so that the amendment is not futile. Further, the Defendants have not demonstrated how the amendment would prejudice them, nor have they shown undue delay or bad faith on the part of the Plaintiffs. Therefore, the Court will permit the Plaintiff to file a Second Amended Complaint and deny the Defendant's Motion to Dismiss as moot.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion to Amend and to Serve Second Amended Complaint (Dkt. #30) is granted. Plaintiff shall file the proposed Second Amended Complaint by October 4, 2013.

2.      Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law in Support Thereof (Dkt. #23) is denied as moot.

3.      Defendants shall file their response to Plaintiff's Second Amended Complaint by October 11, 2013. Assuming the Defendants renew their Motion to Dismiss, Plaintiff shall file a response to Defendants' Motion to Dismiss by October 18, 2013.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of October, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1115 mtd 23.docx