UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMIE P. LIASON, as proposed
personal representative of the estate of
VONZELL DEVINE LIASON deceased,

    Plaintiff,
v.                                                                    Case No.  8:13-cv-1115-T-30TGW

LORILLARD TOBACCO COMPANY
et al.,

    Defendants.
_____/

## ORDER

Plaintiff Tammie P. Liason, as Representative of the Estate of Vonzell Devine Liason, brings this wrongful death action against Defendants Lorillard Tobacco Company, Lorillard, Inc., Altria Group, Inc., Philip Morris, U.S.A, Inc., and John Doe Corporation. Plaintiff seeks to impose liability on the Defendants for the loss of her son, a life-long smoker, asserting theories of strict liability, negligence, fraud, and conspiracy to commit fraud.

Plaintiff's Complaint alleges that her son began smoking in 1979, at the age of 16. Dkt. # 36, ¶ 9. He smoked one and a half to two packs of Benson and Hedges and Newport Menthol cigarettes, per day, until his death on August 17, 2010. *Id*. Plaintiff states that her son's addiction resulted in smoking related illnesses of COPD, lung cancer,

multisystem organ failure, metastatic cancer, heart disease, and aortic thrombosis.  Dkt. # 36, ¶ 13.

Defendants move to dismiss Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procure 12(b)(6), claiming the Plaintiff's asserted causes of actions are preempted under the rule of *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504 (1992) and its progeny, and further asserts that Plaintiff's complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

This Court has considered the Defendant's Motion to Dismiss (Dkt. # 40), the Plaintiff's Response (Dkt. # 41), and the Defendant's Reply (Dkt. # 45).  Upon review, the Court concludes that the Defendant's Motion to Dismiss should be denied.

**Discussion**

Complaints must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Pleadings that offer only labels and conclusions, formulaic recitations of the elements of a cause of action, or naked assertions without further factual enhancement will not do.  *Id.*

There are special issues to deal with in bringing claims against cigarette manufacturers for injuries sustained as a result of smoking. These issues stem from Congress's adoption of the Federal Cigarette Labeling and Advertising Act of 1965 and the Public Health Cigarette Smoking Act of 1969, which amended the 1965 Act. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 515 (1992). The Supreme Court has found that certain state law causes of actions have been preempted by the Smoking Acts. The inquiry to be asked in determining whether a state law cause of action is preempted is whether the legal duty that is the basis of the action creates a "requirement or prohibition based on smoking and health … imposed under State law with respect to … advertising or promotion." *Id.* at 524.

**Fraud and Conspiracy to Commit Fraud**

Federal Rule of Civil Procedure 9(b) requires plaintiffs alleging fraud or mistake to state the circumstances with particularity. This requirement is satisfied when the "complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Failure to satisfy this requirement is grounds for dismissal. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

The Complaint states that the Defendants "claimed their products to be reasonably safe for decades" and "concealed and omitted to relate material information about the dangerous qualities of their product." Dkt. # 36, ¶ 40. The Plaintiff alleges the Defendants conspired with other tobacco companies to hide the seriousness and effects of tobacco addiction. Dkt. # 36, ¶ 20. She further accuses the Defendants of conducting "so-called scientific" studies to challenge the accuracy of government and private claims that smoking was dangerous. Dkt. # 36, ¶ 20. It is asserted that the deceased believed and relied on this misinformation to his detriment. Dkt. # 36, ¶ 40.

This Court concludes that the Plaintiff has pled enough factual content to show that her fraud claims are facially plausible. Consequently, these claims should withstand the Defendant's Motion to Dismiss.

**Strict Liability and Negligence**

The Plaintiff asserts that the Defendants are liable for the injuries of the deceased under theories of strict liability and negligence. Recovery in strict liability requires the Plaintiff establish the Defendant's relationship to the product, a defect or unreasonably dangerous condition in the product, and a showing that the product is the proximate cause of the injuries the Plaintiff complains of. *Cunningham v. Gen. Motors Corp.*, 561 So. 2d 656, 659 (Fla. 1st DCA 1990).

The Plaintiff argues the Defendant's negligent design resulted in their product being unreasonably dangerous. Dkt. # 36, ¶ 40. Specifically, the Plaintiff complains that the

combination of nicotine, carcinogens, nitrosamines, and other ingredients the Defendant's placed in their product unreasonably caused addiction and injury to her son.  Dkt. # 36, ¶¶ 25, 26, 27.

Plaintiff has met her burden in showing that her strict liability and negligence claims are facially plausible.  Therefore, the Defendant's motion to dismiss shall be denied.

It is therefore ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss (Dkt. # 40) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 8th day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1115 mtd.docx