## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TAMMIE P. LIASON,

      Plaintiff,

v.                                                            Case No: 8:13-cv-1115-T-30TGW

LORILLARD TOBACCO COMPANY,
LORILLARD, INC. and PHILIP
MORRIS, U.S.A., INC.,

      Defendants.

_____

### <u>ORDER</u>

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Determine Use and Admissibility of "Generic" Expert Deposition Testimony (Dkt. #76), Defendants' Response in Opposition to the Motion (Dkt. #82), Plaintiff's Proposed Expert Disclosure of Generic Witnesses to Defendants (Dkt. #83), Defendants' Motion for Protective Order Regarding Plaintiff's First Request for Admissions to Defendants (Dkt. #86), Plaintiff's Amended Expert Disclosure of Witnesses to Defendants (Dkt. #88), Defendants' Motion to Strike Plaintiff's Amended Expert Disclosure of Witnesses to Defendants (Dkt. #87), Defendants' Corrected Amended Motion to Strike Plaintiff's Expert Disclosure of Dr. David Speyerer (Dkt. #90) and Plaintiff's Motion for Enlargement of Time of Ninety Days to Extend Fact Discovery (Dkt. #92).

Plaintiff Tammie P. Liason, as Representative of the Estate of Vonzell Devine Liason, brings this wrongful death action against Defendants for the loss of her son, a life-long smoker, asserting theories of strict liability, negligence, fraud, and conspiracy to commit fraud. Plaintiff moves this Court to enter an order determining that she may use "generic" expert depositions taken in other tobacco related product liability cases at trial pursuant to Federal Rule of Civil Procedure 32(a)(4)(B) and Federal Rules of Evidence 804(b)(1) and 807. Plaintiff has supplied a list and summary of the generic expert depositions upon which she will rely.   Further, Plaintiff has filed a disclosure of her expert, Dr. David K. Speyerer, a doctor who treated Mr. Liason prior to his death on August 17, 2010. In the disclosure, Plaintiff attached a two page letter from the doctor and a copy of his *curriculum vitae*.

Defendants oppose Plaintiff's use of the generic depositions arguing that Plaintiff has not demonstrated the following: (1) the unavailability of any of the proposed experts, and (2) that the Defendants in the cases from which the depositions derive had a similar motive and opportunity to develop the expert witnesses' testimony through cross examination as the Defendants in this case as required by Rule 804(b)(1).

The Court concludes that Plaintiff may submit the generic expert depositions. There are thousands of tobacco-related product liability cases throughout Florida in state and federal court. These cases rely on substantially similar generic evidence regarding tobacco's effect on the health of individuals.

Defendants further move to strike Plaintiff's disclosure of Dr. David K. Speyerer as an expert because Plaintiff's disclosure is insufficient pursuant to the Federal Rules of Civil

Procedure. The Court concludes that Plaintiff's disclosure shall remain, however, Dr. David K. Speyerer may not state any opinion outside the opinions stated in his letter attached to the disclosure.

The Court will otherwise grant Plaintiff's motion to extend the fact discovery deadline and deny the remainder of Defendants' motions.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff's Motion to Determine Use and Admissibility of "Generic" Expert Deposition Testimony (Dkt. #76) is GRANTED.   Plaintiff is limited to the experts listed in its Proposed Expert Disclosure of Generic Witnesses to Defendants (Dkt. #83).

2.   Defendants' Motion to Strike Plaintiff's Amended Expert Disclosure of Witnesses to Defendants (Dkt. #87) is DENIED.

3.   Defendants' Corrected Amended Motion to Strike Plaintiff's Expert Disclosure of Dr. David Speyerer (Dkt. #90) is DENIED.

4.   Plaintiff's expert witness Dr. David Speyerer may not state any opinion outside the opinions stated in Plaintiff's Amendment to First Amended Expert Disclosure of Witnesses to Defendants (Dkt. #88).

5.   Plaintiff's Motion for Enlargement of Time of Ninety Days to Extend Fact Discovery (Dkt. #92) is GRANTED. The fact discovery deadline is extended to December 2, 2014. The remainder of the Case Management Deadlines remain unchanged.

6.     Defendants' Motion for Protective Order Regarding Plaintiff's First Request for Admissions to Defendants (Dkt. #86) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of October, 2014.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1115 76.docx